**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 46770**

|  |  |  |
|---|---|---|
| In the Interest of: John Doe I, A Child Under Eighteen (18) Years of Age. | ) ) ) ) | |
| IDAHO DEPARTMENT OF HEALTH AND WELFARE, | ) ) | **Filed: May 13, 2019** |
| Petitioner-Respondent, | ) ) | **Karel A. Lehrman, Clerk** |
| v. | ) ) | **THIS IS AN UNPUBLISHED** |
| JANE DOE (2019-05), | ) ) | **OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, affirmed.

Anthony R. Geddes, Ada County Public Defender; Justine Parker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John Shackelford, Deputy Attorney General, Boise, for respondent.

_____

LORELLO, Judge

Jane Doe (2019-05) appeals from the judgment terminating her parental rights. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Jane is the mother of six children, none of whom are in Jane's care. Jane's youngest child is the subject of this action and was born while Jane was incarcerated. The child was immediately taken into foster care. No legal father has been established for the child. The

1

petition for hearing under the Child Protective Act (CPA) alleged that Jane was unable to discharge parental responsibilities due to her psychological functioning and incarceration, which made her unable to provide proper parental control and care of the child. The magistrate awarded temporary legal custody of the child to the Idaho Department of Health and Welfare. The Department also filed a motion for a finding of aggravated circumstances based upon previous terminations of Jane's parental rights to three of her other children. The magistrate granted the motion, which relieved the Department of its duty to make reasonable efforts to return the child to Jane's custody. A permanency hearing was scheduled, and the magistrate entered an order approving termination and adoption as a permanent plan. The Department thereafter filed a petition to terminate Jane's parental rights. A trial was held, and the magistrate terminated Jane's parental rights after finding clear and convincing evidence that Jane was unable to discharge her parental responsibilities and that termination is in the best interests of the child. Jane appeals.

## II.

## STANDARD OF REVIEW

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). In a termination proceeding, due process and the substantial evidence test require the trial court's findings be supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *Doe v. Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006); *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate's decision must be supported by objectively supportable grounds. *Doe*, 143 Idaho at 346, 144 P.3d at 600. The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order terminating parental rights. *Doe*, 148 Idaho at 245-46, 220 P.3d at 1064-65.

# III.

# ANALYSIS

Jane challenges the magistrate's decision terminating her parental rights, contending there was insufficient evidence from which the magistrate could find a statutory basis for termination or that termination is in the best interests of the child. The State responds that the evidence was sufficient and that the magistrate's termination decision was correct. We affirm the magistrate's decision.

## A.    Statutory Basis for Termination

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Idaho Code Section 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

The magistrate found one statutory ground for termination in this case--that Jane was unable to discharge her parental responsibilities for a prolonged period that would be injurious to the health, morals, or well-being of the child.[1] I.C. § 16-2005(1)(d). In reaching this conclusion, the magistrate noted that Jane is unable to meet her own basic needs, requires external assistance in adhering to societal norms, and requires daily reminders to remain medication compliant. The magistrate further found that Jane has been "chronically homeless" and "has never demonstrated

---

[1]    The magistrate dismissed the count in the petition that alleged termination was appropriate based on Jane's incarceration since, at the time of trial on the petition, Jane was no longer incarcerated.

the ability to meet a child's basic needs for shelter, food, clothing and emotional development." Further, Jane's "mental health concerns will prevent her from ever being able to provide for those needs during [her child's] minority."

Jane argues that there was insufficient evidence to support the magistrate's conclusion that she is unable to discharge her parental responsibilities. Jane's argument is twofold. First, Jane contends that the evidence was insufficient because she was not given the opportunity to "work a case plan, receive parenting classes, mental health assistance, or supportive services." Although framed as a sufficiency of the evidence argument, this contention is actually a challenge to an alleged lack of reasonable efforts by the Department and an implicit challenge to the finding of aggravated circumstances made pursuant to I.C. § 16-1619(6)(d). Whether the Department made reasonable efforts is not part of the magistrate's analysis when terminating parental rights. *See In re Doe*, 156 Idaho 682, 688 n.3, 330 P.3d 1040, 1046 n.3 (2014). Any issues regarding the Department's alleged substandard efforts should be addressed during the CPA proceedings by motion or argument prior to the filing of the termination petition. *Id.* Similarly, any challenge to the aggravated circumstances finding made during the CPA proceeding should have been addressed in that proceeding. Jane cannot challenge the aggravated circumstances determination under the guise of a sufficiency of the evidence argument in the termination case. Even if she could, Jane has articulated no basis for concluding that the aggravated circumstances finding was erroneous.

Jane's second challenge to the statutory basis for termination is to the magistrate's finding that Jane's inability to discharge parental responsibilities would persist for a prolonged period of time. Jane contends that the magistrate "relied too much" on her "history of instability" and "too little" on Jane's post-incarceration stabilization on medication and her expressed desire to work a case plan. The Department responds that the magistrate properly relied on Jane's history as well as her current limitations in concluding that Jane's inability to parent her child would persist. We agree with the Department. Jane's documented history of being unable to parent her previous five children, three of which resulted in termination actions, and the difficulties she continued to face up to trial, including an inability to meet her own needs, provided substantial and competent evidence to support the magistrate's conclusion that there was a statutory basis for termination.

4

**B.     Best Interests of the Child**

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991).   When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law.  *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014).  A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds.  *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

The magistrate found it is in the best interests of the child to terminate the parent-child relationship with Jane in light of Jane's mental health, substance abuse, housing instability, involvement with the criminal justice system, and lack of parenting skills, which have prevented Jane from providing her child with a safe and stable home environment.  Given that Jane requires supervision to manage her own needs, the magistrate concluded there was no reason to expect that Jane could provide for the basic needs of a child and that it would be "unsafe and detrimental" to the child's physical and emotional health to be returned to Jane's care.  The magistrate further concluded that the child "deserves the stability and structure he has enjoyed during his time in foster care so he can continue to progress, be ready to start school, and ultimately transition into a successful adulthood."  Because Jane could not provide that stability and structure and had demonstrated an inability to provide for her child's basic needs, the magistrate found termination was in the best interests of the child.[2]

Jane argues that the magistrate's determination that termination is in the child's best interests is erroneous because Jane has a "desire to bond" with the child and Jane's attempts to

---

[2]     The magistrate also found it is in Jane's best interests to terminate her parental rights. Jane challenges this determination on appeal.  However, we need not consider this aspect of the magistrate's decision because we affirm the magistrate's finding that termination is in the child's best interests.

do so were "thwarted" by the Department. To the extent this argument is another challenge to the Department's efforts at reunification, for the reasons previously stated, the argument fails. Further, Jane's stated desire to bond with the child does not address the considerations set forth above that are relevant to a determination regarding the best interests of the child, nor does her desire to bond demonstrate a lack of sufficient evidence to support the magistrate's best interests determination. The magistrate's factual findings are supported by the evidence, and the magistrate's analysis and conclusion that termination is in the best interests of the child reflects consideration of the proper factors relevant to its decision. Jane has failed to show error in the magistrate's decision to terminate her parental rights.

## IV.
## CONCLUSION

There was clear and convincing evidence that Jane is unable to discharge her parental responsibilities for a prolonged period, which will be injurious to the child, and that termination is in the best interests of the child. Accordingly, the magistrate's judgment terminating Jane's parental rights is affirmed.

Chief Judge GRATTON and Judge BRAILSFORD, **CONCUR**.

6